**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| June Tiramani, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 2930 |
| | ) | |
| MRS BPO, LLC, a New Jersey limited | ) | |
| liability company, d/b/a MRS Associates | ) | |
| Inc., | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, June Tiramani, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, June Tiramani ("Tiramani"), is a citizen of the State of Florida, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in

Chicago, Illinois.

4. Defendant, MRS BPO, LLC, d/b/a MRS Associates, Inc. ("MRS"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant MRS operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois. In fact, Defendant MRS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant MRS is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, MRS conducts business in Illinois.

6. Moreover, Defendant MRS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, MRS acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Tiramani is a senior citizen, with limited assets and income, who fell behind on paying her bills. When MRS began calling her to collect a delinquent consumer debt, by calling Ms. Tiramani, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant MRS's collection actions.

8. Accordingly, on January 8, 2013, one of Ms. Tiramani's attorneys at LASPD informed MRS, in writing, that Ms. Tiramani was represented by counsel, and directed MRS to cease contacting her, and to cease all further collection activities

because Ms. Tiramani was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant MRS repeatedly called Ms. Tiramani directly including, but not limited to, telephone calls on January 10, 2013 and January 14, 2013, from telephone number 888-491-5170, in an attempt to collect a delinquent consumer debt.

10. Accordingly, on January 31, 2013, one of Ms. Tiramani's LASPD attorneys had to again write to Defendant MRS to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Undeterred, Defendant MRS continued to repeatedly call Ms. Tiramani, including calls on: February 7, 2013 at 3:44 p.m.; February 8, 2013 at 12:08 p.m.; February 13, 2013 at 4:07 p.m.; February 15, 2013 at 3:31 p.m.; February 18, 2013 at 1:02 p.m.; February 19, 2013 at 2:26 p.m.; February 21, 2013 at 3:36 p.m.; and, February 22, 2013 at 2:30 p.m., in an attempt to collect a delinquent consumer debt.

12. Accordingly, on April 11, 2013, one of Ms. Tiramani's LASPD attorneys once again wrote to Defendant MRS to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Defendant MRS's collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant MRS's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd.

Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17.     Here, the letters from Ms. Tiramani's, agent/attorney, LASPD, told Defendant MRS to cease communications and cease collections (Exhibits C and D). By continuing to communicate regarding collection of the debt, Defendant MRS violated § 1692c(c) of the FDCPA.

18.     Defendant MRS's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

4

21. Defendant MRS knew that Ms. Tiramani was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibits C and D), that she was represented by counsel, and had directed Defendant MRS to cease directly communicating with her.  By directly calling Ms. Tiramani, despite being advised that she was represented by counsel, Defendant MRS violated § 1692c(a)(2) of the FDCPA.

22. Defendant MRS's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692d Of The FDCPA –**
**Harassment And Abuse Through**
**Improper Telephone Calls**

23. Plaintiff adopts and realleges ¶¶ 1-14.

24. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including, but not limited to, repeatedly calling "any person at the called number" without any lawful purpose, see 15 U.S.C. § 1692d.

25. Defendant MRS, by repeatedly calling Ms. Tiramani's home phone number, after being specifically told not to call that number, engaged in conduct, the natural consequence of which was harassing, oppressive and abusive, in violation of § 1692d of the FDCPA.

26. Defendant MRS's violations of § 1692d of the FDCPA render it liable for

actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, June Tiramani, prays that this Court:

1. Find that Defendant MRS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Tiramani, and against Defendant MRS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, June Tiramani, demands trial by jury.

                                  June Tiramani,

                                  By: /s/ David J. Philipps
                                  One of Plaintiff's Attorneys

Dated: April 18, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com